NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.A.C., II, et al., | |
| Plaintiffs, | Civil Action No. 09-06057 (JAP) |
| v. | **OPINION** |
| THE UNITED STATES OF AMERICA, et al., | |
| Defendant. | |

PISANO, District Judge.

This is an action brought by C.A.C., II ("C.A.C."), an infant, by his parents and Guardians Ad Liten C.C. and P.C., and by C.C. and P.C., individually (collectively, "Plaintiffs"), against defendants Lt. Col. William Paliwoda ("Lt. Col. Paliwoda"), Jane Paliwoda ("Mrs. Paliwoda"), the United States of America (the "United States") and the United States Air Force (the "Air Force"). Presently before the Court is a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) by the United States and the Air Force (together, "Defendants"). Lt. Col. Paliwoda and Mrs. Paliwoda have each answered the complaint and do not join in the motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has carefully considered the submissions of the parties and, for the reasons below, Defendants' motion to dismiss shall be granted.

**I.      Factual and Procedural History**

Plaintiffs allege that, while employed by the United States as a member of the Air Force, Lt. Col. Paliwoda sexually assaulted and inappropriately touched C.A.C. on September 7, 2008 and other unspecified dates.  The complaint alleges that Defendants were aware that Lt. Col. Paliwoda had previously assaulted, molested and inappropriately touched other infants.  Plaintiffs claim that Defendants failed to discipline Lt. Col. Paliwoda for his previous wrongful acts and, instead, transferred Lt. Col. Paliwoda to a new base location and placed him in a residence across the street from Plaintiffs, which created a known danger that Lt. Col. Paliwoda would commit the same offenses again.   Plaintiffs further allege that Defendants failed to take any action or otherwise protect C.A.C. from foreseeable harm.  Defendants filed the instant motion asking the Court to dismiss this action based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**II.     Legal Standard**

A party may assert a jurisdictional challenge to a claim filed in district court under Rule 12(b)(1) by attacking the complaint on its face or by making a factual challenge separate from any pleading.  *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In considering a facial challenge to subject matter jurisdiction, the Court may consider only the allegations contained in the complaint and must do so in the light most favorable to the plaintiff.  *Gould Elecs. Inc. v. United* States, 220 F.3d 169, 176 (3d Cir. 2000).  A factual challenge to subject matter jurisdiction under Rule 12(b)(1) attacks "the existence of subject matter jurisdiction in fact, quite apart from any pleadings."  *Mortensen*, 549 F.2d at 891.  When considering such a challenge, the Court need not attach "presumptive truthfulness" to the allegations of the non-moving party, and "the existence of disputed material facts will not

preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* In adjudicating a factual 12(b)(1) challenge, a court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence to satisfy itself as to the existence of its power to hear the case. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999).

### III.     Legal Discussion

The general rule is that the United States and its agencies are protected from lawsuits by sovereign immunity. *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr,* 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). The Federal Tort Claims Act (the "FTCA") waives sovereign immunity and grants district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1).

Defendants challenge the Court's subject matter jurisdiction over Plaintiffs' claims against the Air Force, arguing that the general waiver of sovereign immunity found in the FTCA is inapplicable to claims against a federal agency. Defendants correctly point out that tort claims cannot be asserted against federal agencies, such as the Air Force, without an explicit waiver of sovereign immunity. *See* 28 U.S.C. § 2679; *F.D.I.C. v. Meyer*, 510 U.S. 471, 476, 114 S.Ct. 996, 1001 (1994); *Kieffer v. Vilk*, 8 F.Supp. 2d 387, 394 n. 7 (D.N.J. 1998). Plaintiffs not having identified an explicit waiver of sovereign immunity that is applicable to the Air Force, the Court

finds that it lacks subject matter jurisdiction over such claims. Accordingly, the Court dismisses Plaintiffs' claims against the Air Force.

The United States challenges the Court's subject matter jurisdiction over Plaintiffs' claim that it is responsible for Lt. Col. Paliwoda's actions, arguing that the general waiver of sovereign immunity found in the FTCA is inapplicable under these circumstances. Specifically, the United States argues that Lt. Col. Paliwoda was not acting within the scope of his employment when the alleged injury occurred and that, even if his conduct did fall within the scope of his employment, the intentional torts exception to the FTCA would protect the United States from liability. Plaintiffs respond by asserting that Lt. Col. Paliwoda's scope of employment and intentional torts are "irrelevant" because the complaint only states claims against the United States for its own negligence in the matter, independent Lt. Col. Paliwoda's actions. See Opposition Brief at 2. As such, the Court finds that the United States' arguments with respect to Plaintiffs' claims against the United States for Lt. Col. Paliwoda's conduct are moot and limits its analysis to whether subject matter jurisdiction exists over Plaintiffs' claims against the United States for its own negligence under the circumstances.

Next, the United States challenges the Court's subject matter jurisdiction over Plaintiffs' claim that it failed to properly investigate and discipline Lt. Col. Paliwoda for his previous acts, arguing that decisions pertaining to investigatory activity and employee discipline are protected by the FTCA's discretionary function exception. *See* 28 U.S.C. § 2680(a). That section acts as an exception to the general waiver of sovereign immunity for claims:

> based on upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  The Supreme Court has established a two-step test to determine whether the discretionary function exception applies in a given case.  *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991) (citing *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988)).  First, the Court looks to the challenged conduct and considers whether it involves an element of judgment or choice.  *Gaubert*, 499 U.S. at 322.  This requirement is not satisfied if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive."  *Berkovitz,* 486 U.S., at 536.  Second, the Court must determine whether the challenged conduct was or could have been "based on considerations of public policy."  *Id.*  The Third Circuit has held that investigatory activities are protected by the discretionary function exception.  *See Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986) (claims based on law enforcement and investigatory activities are covered by the discretionary function exception to the FTCA); *Bernitsky v. United States*, 620 F.2d 948, 955 (3d Cir. 1980) ("decision making as to investigation and enforcement … are discretionary judgments").  Plaintiffs appear to concede that the discretionary function exception applies to their claim that the United States failed to properly investigate and discipline Lt. Col. Paliwoda for his previous wrongful acts.  See Opposition Brief at 10.  The Court finds that the decision about whether and how to investigate or discipline Lt. Col. Paliwoda involves an element of choice and is based on policy analysis.  Accordingly, the Court dismisses Plaintiffs' claim against the United States for failure to investigate and discipline Lt. Col. Paliwoda for his prior conduct.

      Finally, the United States challenges the Court's subject matter jurisdiction over Plaintiffs' claim that it negligently reassigned Lt. Col. Paliwoda to a new base location with

knowledge of his prior conduct. The Supreme Court has held that, notwithstanding the applicability of the intentional torts exception to the FTCA, district court subject matter jurisdiction can exist over negligence claims against the government where the alleged liability is based on conduct that is "entirely independent" of the employee's employment status. *Sheridan v. United States*, 487 U.S. 392, 401, 108 S.Ct. 2449, 2455, 101 L.Ed.2d 352 (1988). In *Sheridan*, a drunken, off-duty serviceman shot into the plaintiffs car, injuring one of the plaintiffs and causing damage to property. The serviceman had consumed large quantities of alcohol after finishing his shift at the hospital on a naval base. Some naval corpsmen found the drunken serviceman and tried to take him to the emergency room, but when they saw that he had a rifle in his possession, the naval corpsmen fled. These corpsmen did not take any further action to subdue the drunken serviceman and did not alert the appropriate authorities that he was intoxicated and carrying a weapon. The Court found that, by voluntarily undertaking to provide care to a person who was visibly intoxicated and armed and by adopting regulations relating to firearms on the naval base, the government assumed responsibility to perform its "good Samaritan" task in a careful manner. *Id.* at 401. The Court reasoned that, "in a case in which the employment status of the assailant has nothing to do with the basis for imposing liability on the Government, it would seem perverse to exonerate the Government because of the happenstance that [the assailant] was on a federal payroll." *Id.* at 402.

As an initial matter, the Court notes that, in *Sheridan*, the Supreme Court expressly declined to resolve the question of whether a negligent hiring, supervision, or retention claim would be barred by the intentional tort exception to the FTCA. *Id.* at 400. However, the Third Circuit has subsequently held that a plaintiff cannot circumvent sovereign immunity by alleging negligent hiring, supervision, training or retention by the government. *E.g.*, *CNA v. United*

*States*, 535 F.3d 132, 149 (3d Cir. 2008) (no subject matter jurisdiction where the government's alleged conduct is not "entirely independent" of the tortfeasors' status as government employee); *Borawksi v. Henderson*, 265 F. Supp. 2d 475, 484-486 (D.N.J. 2003) (no subject matter jurisdiction where government's potential liability for negligent hiring and retention of an employee depends on the employee's status as a government employee); *Pottle v. United States*, 918 F. Supp. 843, 848 (D.N.J. 1996) (no subject matter jurisdiction where claim relating to the hiring, training, or supervision of the government employee is tied to his employment status). The Court finds that Plaintiff's claim against the United States for negligent reassignment is rooted in the employer-employee relationship. Lt. Col. Paliwoda's reassignment to a new base location by the United States was only possible by virtue of the employer-employee relationship. In fact, the only connection between the United States and Lt. Col. Paliwoda's alleged conduct is through its status as his employer. Because the negligent reassignment allegation contained in the complaint is not "entirely independent" of Lt. Col. Paliwoda's employment status, the Court lacks subject matter jurisdiction over Plaintiffs' claims.

Under *Sheridan*, a district court may have subject matter jurisdiction over claims against the government for negligence where the government owes a plaintiff an "'independent affirmative duty,' which would have existed regardless of whether the tortfeasor was a federal employee." *Borawksi,* 265 F. Supp. 2d at 485 (quoting *Sheridan*, 487 U.S. at 401-402). In order to recover under this theory, a plaintiff must allege "truly independent negligence" that is analogous to the "voluntary undertaking to provide care to a person who was visibly drunk" that was at issue in *Sheridan*. *CNA*, 535 F.3d at 149. Under the FTCA, liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Therefore, the law of the New Jersey applies to determine whether the United States had an

independent affirmative duty to protect Plaintiffs from Lt. Col. Paliwoda's foreseeable wrongful conduct.

Under New Jersey law, "[t]here can be no actionable negligence if defendant" did not violate any "duty to the injured plaintiff." *Ryans v. Lowell,* 197 N.J. Super. 266, 275, 484 A.2d 1253 (App. Div. 1984). The existence of a legal duty is a question of law to be decided initially by the court. *Wang v. Allstate Ins. Co.,* 125 N.J. 2, 15, 592 A.2d 527 (1991) ("The question of whether a duty exists is a matter of law properly decided by the court, not the jury, and is largely a question of fairness or policy."). In general, New Jersey law does not impose a duty to protect another from a tort by a third person unless the tort was reasonably foreseeable and the parties stand in a special relationship. *O'Neill v. Suburban Terrace Apartments, Inc.,* 110 N.J. Super. 541, 545, 266 A.2d 304 (App. Div. 1970); *McIntosh v. Milano,* 168 N.J. Super. 466, 483, 403 A.2d 500 (Law Div. 1979). Plaintiffs' complaint does not allege that a special relationship existed between the United States and Plaintiffs, nor does the Court find a basis to conclude that the United States had any relationship at all with Plaintiffs. Plaintiffs cite *Giantonnio v. Taccard*, 291 N.J. Super. 31, 676 A.2d 1110 (App. Div. 1996) in support of the proposition that a "duty of due care is imposed when a party creates an unreasonable risk of foreseeable harm." The Court in that case found that a funeral home had a duty to "refrain from creating an unreasonably hazardous condition for those participating in a funeral procession organized and supervised by it." *Giantonnio*, 291 N.J. Super. at 42. Plaintiffs' complaint, however, does not allege that Plaintiffs and the United States stood in any relationship whatsoever. The Court finds no basis in New Jersey state law to find that knowledge of prior instances of alleged wrongful sexual conduct imposes an "independent affirmative duty" on an employer to protect unknown

plaintiffs from future wrongful sexual conduct.  Thus, the Court finds that it lacks subject matter jurisdiction over Plaintiffs claims against the United States for failure to protect C.A.C.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 16, 2010